IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**SASHA THOMAS,**
*Individually, and on behalf of herself and others similarly situated,*

Plaintiff,

v.                                          No._____

**AMISUB SFH, INC,** d/b/a
**ST. FRANCIS HOSPITAL**                    **FLSA Collective Action**
                                            **JURY DEMANDED**
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Sasha Thomas ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

### I.

### INTRODUCTION

1.  This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Defendant, AMISUB SFH, Inc.,, d/b/a St. Francis Hospital Memphis ("Defendant") on behalf of Plaintiff, individually, and on behalf of herself and other similarly situated hourly-paid Registered Nurses (RN's) as a class, who were employed by Defendant at its Memphis, Tennessee Park Avenue location during the three (3) years preceding the filing of this

1

Complaint. Plaintiff and the class seek damages for unpaid "off-the-clock" and "edited-out" compensable and overtime compensation for those who have worked for Defendant as hourly-paid Registerd Nurses at any time within the three (3) years preceding the filing of this lawsuit. The "off the clock" and "edited-out" wage claims of Plaintiff and those similarly situated are unified by common theories of Defendant's FLSA violations.

## II.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendant to perform work in this District and Defendant has, and continues to, conduct business within this District at all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## III.

## PARTIES

4. Defendant AMISUB SFH, Inc. is a Tennessee Corporation with its principal address at Suite 1400, 1445 Ross Avenue, Dallas, Texas 75202-2703. It may be served with process via its Registered Agent: C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

5. Plaintiff Sasha Thomas was employed by Defendant as an hourly-paid Registered Nurse within this District during the three-year period immediately preceding the filing of this Complaint. Plaintiff Thomas' Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV.

## **FACTUAL BASIS FOR SUIT**

6. Defendant AMISUB SFH, Inc. is located in Memphis, Tennessee and is an acute general hospital whose function is to provide inpatient diagnostic and therapeutic services for a variety of medical conditions to a wide population group.

7. Plaintiff Sasha Thomas and those similarly situated were employed as hourly-paid Registered Nurses by Defendant within this District during the three (3) year period preceding the filing of this action.

8. Plaintiff and those similarly situated typically worked 40 or more hours per week for Defendant during all times material to this action.

9. Defendant has been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10. At all times material to this action, Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in

commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12. Defendant has had a centralized time keeping system in which Plaintiff and those similarly situated were required to "badge-in and "badge-out" for the purpose of recording their compensable time during the three-year period preceding the filing of this Collective Action.

13. Plaintiff and other similarly situated hourly-paid Registered Nurses have been subject to Defendant's aforementioned time keeping and payroll plans, policies, and practice during all times relevant to this action.

14. Defendant has had a common policy, plan, and practice of automatically "editing-out" a 30-minute meal period from the "badged-in" time of Plaintiff and those similarly situated for each of their work shifts within weekly pay periods during all times material to this collective action.

15. Given the job duties and responsibilities of Plaintiff and other similarly situated Registered Nurses, they were unable to spend such automatically "edited-out" 30 minute meal period free from performing their job duties and enjoying an uninterrupted meal time within weekly pay periods during the three years preceding the filing of this complaint for several reasons, including:

(a) Being required to continue performing their job duties and attending to other work-related matters during such "edited-out" 30-minute meal periods; and/or,

(b) Being unable to leave their work area to freely enjoy the "edited-out" 30-minute meal periods; and/or,

(c) Being engaged in conversations with managers and supervisors about their work responsibilities and work-related matters during such meal periods which prevented them from freely enjoying such "edited-out" 30-minute meal periods.

16. Although Plaintiff and those similarly situated were provided a document on which to report the time they were unable to take and freely enjoy the "edited-out" 30-minute meal periods within weekly pay periods during all times material, they nonetheless were subject to being reprimanded and, were reprimanded, if they recorded the time during which they were unable to take and freely enjoy such "edited-out" 30-minute meal periods -- even though they were compensated for such reported times if such times were approved by their superior.

17. Moreover, as an additional reprimand and, in retaliation for recording the time they were unable to take and freely enjoy the "edited-out" 30-minute meal periods, they were required to report to work and perform job duties fifteen minutes prior to the beginning of their regularly scheduled shifts and to continue working fifteen minutes past the ending of their regularly scheduled shift on the following day each such recording.

18. Considering such reprimands and retaliations, Plaintiff and other similarly situated Registered Nurses were too intimidated to continue recording the times they were not able to take and freely enjoy such "edited-out" 30-minute meals

breaks into the document provided them.

19. As a result, Plaintiff and other similarly situated Registered Nurses were not paid for 30-minute meal periods during the times they were not able to take and freely enjoy such meal periods within weekly pay periods during all material times.

20. The aforementioned unpaid "edited-out" claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

21. At all times material, Defendant also has had a policy and practice of requiring Plaintiff and those similarly situated to attend and receive continuing education courses, classes, modules etc. for its benefit which, due to the nature of such education, necessitated some of such training to be received by them while "off duty" and "badged-out" of Defendant's time keeping system.

22. Plaintiff and those similarly situated who were required to attend and receive such continuing education were not paid for the time spent while receiving such education "off-duty" and "badged-out" of Defendant's time keeping system within weekly pay periods during all times material to this action.

23. Defendant had constructive knowledge of such "off-duty" and "badged-out" training time of Plaintiff and those similarly situated inasmuch as such "off-the-clock" time was reflected on the education programs and modules governed by it, as well on their personal computers.

24. The aforementioned "off-the-clock" claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

25. Plaintiff and others similarly situated spent the aforementioned "edited-out" and "off-the-clock" time on behalf of Defendant in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA overtime rates of pay.

26. Defendant failed to accurately record all work hours performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

27. By its failure to accurately record hours worked by Plaintiff and those similarly situated within weekly pay periods during all times relevant to this action, Defendants willfully failed to compensate them for all such time at the applicable FLSA overtime rates of pay.

28. Defendant knew and was aware it was not recording and compensating Plaintiff and those similarly situated for all of their compensable time, without a good faith basis for its failure.

29. Defendant's common policies and practices of not compensating Plaintiff those similarly situated for all their compensable time at the applicable FLSA overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

30. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of overtime compensation as well as other damages.

31. The net effect of Defendant's common plan, policy, and practice of working

Plaintiff and those similarly situated "off-the-clock" as well as "editing-out'" compensable work time from its time keeping system is that Defendant has unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## V.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

33. The proposed collective class of similarly situated persons is defined as:

    All current and former hourly-paid Registered Nurses employed by Defendant in the emergency room department at Defendant's Memphis, Tennessee Park Avenue location who received continuing education "off the clock" without pay and/or who were unable to take and enjoy uninterrupted "edited out" 30-minute meal periods without pay, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

34. Plaintiff seeks to pursue her unpaid "edited-out" and "off-the-clock" overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid employees as a class.

35. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

8

that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

36. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's pay and compensation policies and practices.

37. Plaintiff and members of the class were subjected to Defendant's policy and practice of "editing-out" unpaid 30-minute meal breaks within weekly pay periods during which times they were unable to take and freely enjoy uninterrupted meal breaks, as previously described.

38. Plaintiff and members of the class were required to receive continuing education while "off the clock" within weekly pay periods during all times material without being compensated for such time at the applicable FLSA overtime rates of pay, as previously described.

39. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

40. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned "edited-out" and "off-the-clock" claims, as previously

described.

41. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

42. Defendant knew Plaintiff and class members performed work and engaged in matters that required additional and overtime compensation to be paid. Nonetheless, it operated under a common policy and practice to deprive Plaintiff and class members of such FLSA required overtime compensation.

43. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

44. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and class members for all their compensable time at the FLSA applicable overtime compensation rates of pay within weekly pay periods during all times material to this action.

45. Therefore, Defendant is liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for their aforementioned "edited-out" and "off-the-clock" wage claims.

46. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are several hundred members in the collective class. The

       precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's work sites.

48. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel, continuing education and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

51. At all relevant times, Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

52. At all relevant times, Defendant employed Plaintiff and each of the class members consistent with the terms of the FLSA

53. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

54. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

55. As a result of Defendant's common policy and practice of working Plaintiff and class members "off-the-clock" and "editing-out" their compensable time (as previously described), Plaintiff and class members were not paid all their overtime compensation within weekly pay periods during all times material to this action, as required by the FLSA.

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

57. Through its actions, policies, practices, and plans, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours worked and their "edited-out" compensable time.

58. The foregoing actions of Defendant violated the FLSA.

59. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

60. Defendant's actions were not in good faith.

61. The "edited-out" and "off-the-clock" claims of Plaintiff and the class are unified by common theories of Defendant's FLSA violations.

62. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

63. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

c) Award Plaintiff and similarly situated employees for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in

accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 17, 2019.                Respectfully Submitted,

                                        *s/Gordon E. Jackson*
                                        Gordon E. Jackson (TN BPR #8323)
                                        J. Russ Bryant (TN BPR #33830)
                                        Robert E. Turner, IV (TN BPR #35364)
                                        Robert E. Morelli, III
                                        **JACKSON, SHIELDS, YEISER & HOLT**
                                        Attorneys at Law
                                        262 German Oak Drive
                                        Memphis, Tennessee 38018
                                        Telephone: (901) 754-8001
                                        Facsimile: (901) 754-8524

*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***